## No. 11,124.

### SUCCESSION OF JOHN NELSON VS. MRS. ELLEN CLARK.

Only questions of fact are involved.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

---

*C. F. Buck* and *Dinkelspiel & Hart* for Plaintiff and Appellant.

---

*Chas. S. Rice* for Defendant and Appellee.

---

The opinion of the court was delivered by

FENNER, J. The defendant is sued on three mortgage notes and three ordinary notes aggregating in principal the sum of $5317.78, on which it is admitted that defendant is entitled to a credit of $820.

Her answer denies the validity or consideration of the three ordinary notes, two for $1000 each and one for $317.08, and pleads payments in an amount sufficient to extinguish the mortgage notes.

The ordinary notes are all dated November 1, 1890, are undoubtedly signed by defendant, were held by John Nelson, and were running to maturity at the date of his death. Notwithstanding her denial of their validity and consideration, it is proved that on the 1st November, 1890, the day of their date, Nelson rendered to Mrs. Clark a statement of accounts between them, showing a balance then due to him of exactly the sum for which the notes then given call, and the admission was extorted from defendant herself that the statement thus rendered was, at its date, correct.

It is moreover proved that in November, 1891, after the death of Nelson, a conference was held between his executors and the defendant, at which all matters were gone over between them and a settlement reached corresponding to the claim now made by plaintiff, and corresponding entries made on the notes, which were not then signed by defendant only because it was on a Sunday.

This testimony is contradicted by defendant; but it is a significant fact that her son, who was present and participated in the interview, though put on the stand, was asked no question on the subject, and said nothing to corroborate his mother's denial.

In these interviews she said nothing about the additional credits now claimed, but when the notes were again presented for her signature to the entries thereon as agreed, she declined to sign.

Her claims rest on nothing but her own testimony, which, at best, would be insufficient, but which is rendered utterly valueless by her own attempt to aid it by writings flagitiously false.

She produces the statement rendered to her by Nelson on November 1, 1890, and which she admits to be correct. The statement, as rendered by Nelson, was written in ink, but it now contains sundry pencil additions which the defendant persistently swears were written by Nelson in her presence and under her eye. The testimony overwhelmingly demonstrates the falsity of this statement, and we have moreover had the opportunity of scanning the instrument itself, which is brought up in the original. Inspection of it convinces us, beyond a doubt, that the entries were not and could not have been made by Nelson, and that her statements to that effect can not be believed.

Her whole testimony is a mass of contradictions and inconsistencies, which charity prompts us to pass over with the simple statement that we can not credit it.

If the written promises to pay of a person could be destroyed by such evidence, they would be worthless.

The judge *a quo* gave no reasons for his judgment and, with all our respect for the determinations by courts of first instance, on disputed questions of fact, we find it impossible to approve the large reduction he has made on the plaintiff's demand.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by adding thereto a further judgment in favor of plaintiff and against the defendant for the sum of twenty-three hundred and seventeen dollars and eight cents ($2317.08), with 6 per cent. interest on each of the ordinary notes from their date until their respective maturities and with 8 per cent. interest after maturity, subject to a credit of $820 with like interest from the dates on which the payments comprising the same were made; and, as thus amended, that the judgment appealed from be affirmed, defendant and appellee to pay costs of appeal.

Judgment amended in favor of plaintiff.

### ON APPLICATION FOR REHEARING.

The rehearing applied for by defendant is refused.

Counsel for plaintiff, however, calls attention to an error in the judgment appealed from as to the date from which interest is allowed on the mortgage notes. Our failure to amend in this respect was a mere inadvertence, and may now be made without necessity of rehearing.

It is therefore ordered that our former decree be amended by so amending the judgment appealed from as to allow interest on the mortgage notes from November 1, 1890, instead of March 27, 1891, and that, as thus amended, our former decree remain undisturbed, and the rehearing applied for by defendant be denied.